FILED
MISSOULA, MT

2007 MAY 4 AM 8 11

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-02-M-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SHAUN MICHAEL MERCER aka Thomas Dean Ward, | ) | |
| Defendant. | ) | |

Defendant, Shaun Michael Mercer, filed a motion to suppress his statement to law enforcement officers that he used a false birth certificate and social security number to procure a false driver's license. I referred the matter to United States Magistrate Judge Jeremiah C. Lynch to conduct a suppression hearing and enter Findings and Recommendation on the motion. Judge Lynch entered his Findings and Recommendation on April 30, 2007, recommending that Defendant's motion be denied. Defendant did not file timely objections and therefore is not entitled to

de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Defendant claims his statement was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), because he gave the statement while subjected to custodial interrogation and in the absence of Miranda warnings. After conducting a suppression hearing and receiving relevant evidence and testimony, Judge Lynch determined Defendant was neither in custody nor subject to interrogation when he made the statement. Judge Lynch concluded a reasonable person in Defendant's position would have felt free to leave because law enforcement officers did not command him to stop or use a show of force; law enforcement officers did not confront Defendant with any evidence of his guilt; the encounter lasted no longer than fifteen minutes; and the encounter was non-confrontational. See United States v. Kim, 292 F.3d 969, 973-74 (9th Cir. 2002). Alternative, Judge Lynch determined Defendant was not subject to interrogation because the officer's question was not reasonably likely to elicit an incriminating response. See United States v. Chen, 439 F.3d 1037, 1040 (9th Cir. 2006).

Judge Lynch found the officer asked Defendant how he obtained so many false forms of identification only in passing and did not intend to interrogate Defendant. I find no clear error in Judge Lynch's findings or conclusions.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Defendant Mercer's Motion to Suppress (dkt #19) is DENIED.

Dated this 3rd day of May, 2007.

Donald W. Molloy, Chief Judge
United States District Court